IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|                           |   |          |
|---------------------------|---|----------|
| DAVID S. COLIN            | ) |          |
|                           | ) |          |
|     Plaintiff,            | ) |          |
|                           | ) |          |
|     v.                    | ) | 1:09CV365 |
|                           | ) |          |
| THE GUILFORD COUNTY       | ) |          |
| BOARD OF EDUCATION        | ) |          |
|                           | ) |          |
|     Defendant.            | ) |          |

## MEMORANDUM OPINION AND ORDER

OSTEEN, JR., District Judge

This matter is before this court for review of the Recommendation of United States Magistrate Judge ("Recommendation") filed on October 5, 2010, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). In the Recommendation, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted and that this action be dismissed with prejudice. (Doc. (38)). The Recommendation was served on the parties to this action on October 5, 2010. The Plaintiff filed timely objections (Doc. 41) to the Recommendation.

This court is required to "make a de novo determination of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge . . . . or recommit the matter to the Magistrate Judge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination of the Magistrate Judge's Recommendation. For the reasons set forth below, this court therefore adopts the Recommendation in part and modifies it in part.

As an initial matter, it is important to note that the Magistrate Judge construed Plaintiff's complaint to allege nine separate claims of age discrimination. ((Doc. 38) at 18 n.6.[1]) Plaintiff was interviewed at nine separate Guilford County schools from April through July 2008 and was not hired at any school. (Id. at 2.) Plaintiff then initiated this action alleging that he was not hired due to his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. (Id. at 1-2.) During discovery, Plaintiff deposed six of the nine principals with whom he had interviewed. (Id. at 4.) There has been no evidence submitted directly from the remaining three principals. (Id.)

---

[1] All citations in this order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

2

The Magistrate Judge recommended that Defendant's motion for summary judgment be granted because Plaintiff failed to establish a prima facie case that he was qualified for the position of high school math teacher. ((Doc. 38) at 18.)  Despite the fact that Plaintiff appears to have met all objective qualifications for the position, the Magistrate Judge concluded that Plaintiff failed to establish that he had met the subjective criteria established by Defendant.  In particular, the Magistrate Judge found that Plaintiff failed to establish that he had met Defendant's requirement that teachers "work collaboratively," that they "exhibit professionalism and high ethical standards," and that they "respect others."  (Id. at 10.)  The Magistrate Judge acknowledged that these requirements were subjective in nature.  (Id.) ("It is well established that an employer may properly establish subjective criteria such as a person's interpersonal skills in describing the necessary qualifications for a position.") (citation omitted).  In his objection to the Magistrate Judge's Recommendation, Plaintiff for the first time argues that the use of these subjective requirements to defeat a prima facie case of qualification is improper. ((Doc. 41) at 18-20.)  Despite the fact that this argument was not fully raised before the Magistrate Judge, this court will consider it here.

The Magistrate Judge correctly identified the elements Plaintiff must meet to establish a prima facie case of age

3

discrimination. (Rec. (Doc. 38) at 9.) As noted by the Magistrate Judge, the third element requires Plaintiff to prove "that he was qualified for the position." (Id.) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-11 (1996)). Several circuit courts of appeals and a district court in this circuit have recognized that subjective standards cannot be used at the summary judgment stage to defeat evidence that Plaintiff was otherwise qualified for a position. See, e.g., Vessels v. Atlanta Indep. School System, 408 F.3d 763, 769 (11th Cir. 2005)("[S]ubjective evaluations play no part in the plaintiff's prima facie case."); Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 681 (5th Cir. 2001)(listing cases and noting: "As we have indicated before, an employer may not 'utilize wholly subjective standards by which to judge its employees' qualifications and then plead lack of qualification when its promotion process . . . is challenged as discriminatory.'")(citation omitted); Williams v. Reliable Contracting Co., Inc., 2010 U.S. Dist. LEXIS 41071, at *26-28 (D. Md. Apr. 27, 2010).[2] Instead, the weight of authority appears to hold that Plaintiff need only meet all

---

[2] These same cases suggest that subjective criteria may be considered at the second and third steps of the three-step burden shifting framework. See Medina, 238 F.3d at 681. Furthermore, although not necessary to this court's present ruling, this court adopts the Magistrate Judge's holding that after acquired evidence may be utilized to determine whether a Plaintiff has established that he was qualified for the position to which he applied. (See Rec. (Doc. 38) at 12-18.)

4

established objective criteria.  See Medina, 238 F.3d at 681.
Accordingly, this court will not adopt the Magistrate Judge's
finding that Plaintiff has failed to establish that he was
qualified for the job to which he applied, and that he could thus
not establish a prima facie case of discrimination.

However, the Magistrate Judge held that even if Plaintiff
had established a prima facie case:

> this Court would find that Defendant established
> legitimate, nondiscriminatory reason for not hiring
> Plaintiff for the positions filled by Mr. Kashubara,
> Ms. Katherine Rogers, Mr. Kidd, Mr. King, and Mr. Gause
> based upon their deposition testimony and other
> evidence contained in the summary judgment record. As
> to those hirings, this court would also find that
> Plaintiff has not shown evidence of pretext that would
> allow him to survive summary judgment review.

(Doc. 38) at 18 n.6.)  The Magistrate Judge further recommended
that if it were to be found that Plaintiff had established a
prima facie case, "[t]he Court would reopen discovery" to allow
Defendant to present evidence of legitimate, non-discriminatory
reasons for not hiring Plaintiff for the remaining four positions
to which he applied. (Id.)  The Magistrate Judge wisely noted
that this discovery would be proper because "[t]he earlier
discovery allowed by the Court was not sufficient for development
of 9 separate discrimination cases."  Accordingly, this court
will adopt this alternative recommendation of the Magistrate
Judge and will dismiss those claims related to the positions
filled by the principals listed above.  Based upon this court's

construction of the complaint and Plaintiff's claims, this court will reopen discovery for the remaining claims for the limited purpose of allowing Defendant the opportunity to present evidence of legitimate, non-discriminatory reasons for not hiring Plaintiff.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 38) is **ADOPTED** in part and **MODIFIED** in part as set forth in this order.  **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is granted as to Plaintiff's claims One through Five (as construed by the Magistrate Judge) and that these claims are **DISMISSED WITH PREJUDICE**.  Defendant's motion for summary judgment (Doc. 16) is **DENIED** as to Plaintiff's claims Six through Nine (as construed by the Magistrate Judge).  **IT IS FURTHER ORDERED** that within twenty (20) days of the entry of this order, the parties shall meet and confer in person to establish an appropriate plan of discovery based upon this Order and this court's construction of Plaintiff's claims.  If the parties are able to agree upon a revised discovery plan, they may submit that plan for approval to this court within ten (10) days of the conference.  If the parties are unable to reach agreement, they shall appear for a discovery conference before this court on April 30, 2012, at 9:30 a.m. in Greensboro Courtroom 1.  Although this court could enter a judgment dismissing the five claims described herein (see Fed.

R. Civ. P. 54), this court declines to do so at this time. To enter judgment as to those five claims at this time would unreasonably divide this matter for purposes of appeal. **IT IS FURTHER ORDERED** that this case is removed from the April Master Calendar and continued and will be rescheduled for further proceedings and trial following the discovery conference.

This the 13th day of March 2012.

/s/ William L. Osteen, Jr.
United States District Judge